Sanders, J.
In this action, plaintiff seeks to collect $17,962.52 in Personal Injury Protection (“PIP”) benefits and $5,000 in payments pursuant to the Medical Payments (“MedPay”) section of the automobile insurance policy (the “Policy”) that he had with his insurer, defendant Commerce Insurance Company. Defendant has moved for summary judgment on the grounds that it is relieved of its obligation to pay these benefits because plaintiff did not properly submit the medical bills for which he seeks reimbursement to his private health insurance carrier first. I conclude that the Motion must be Denied, for the following reasons.
1) Defendant concedes that plaintiff, through his counsel, did submit the medical bills at issue to his health insurance carrier, Blue Cross/Blue Shield. It is also undisputed that Blue Cross refused to process them. It is not clear, from the papers before me: a) why *182 Cross refused to process these bills; and b) such refusal was justifiable under the terms that policy. The facts before me do show, however, Blue Cross’s refusal had nothing to do with the reasonableness of-the medical bills or whether they in fact been incurred. Indeed, Blue Cross had paid of the bills plaintiff submitted in connection with auto accident that caused him injury, which dedoes not dispute was of a serious nature. the decision not to process this particular set bills appears to have been for a highly technical — which may or may not have been justified the terms of the Blue Cross policy. Thus, whether plaintiff had an obligation to submit them in different form is simply not clear from the record me.
2) Even assuming that plaintiff did not comply, in material way, with the requirements of his health insurance policy, it is not clear that, had there been compliance, Blue Cross would have paid these The District Court found following trial in this matter (which is before this Court de novo) that Blue Cross would not have provided coverage, given the extraordinary amount of medical bills plaintiff had already incurred (more than $53,000). The evidence is therefore ambiguous as to whether the health insurance benefits had been exhausted.
3) Defendants’ legal argument in support of its position that it has no obligation to pay benefits is premised on cases where:
a) the plaintiff deliberately chose to ignore his health insurance (for example, by receiving treatment from an out of network provider whose services he knew would not be covered by his policy) and then sought compensation directly from his PIP carrier; Dominguez v. Liberty Mutual Insurance Company, 429 Mass. 112 (1999);
b) the plaintiff made a decision to bypass his health insurer entirely by failing to submit the bills to that insurer and instead seeking compensation directly from his auto insurer, either under the MedPay provisions or under the PIP provisions; see e.g. Mejia v. American Casualty Co. (Essex Superior Court, 1999) (Grasso, J.); Thevenin v. Liberty Mutual Insurance Company (App.Div. BMC), dated July 30, 2001 (Forde, J.);
c) there was a serious question as to the legitimacy of the medical expenses claimed, and a concomitant refusal of the insured to cooperate with the insurer investigating them, in breach of the policy; Ho v. Safety Insurance Co., 1999 Mass.Super. Lexis 352 (August 29, 1999) (Fecteau, J.).
All of these cases are factually distinguishable from the instant case. Without disagreeing with their reasoning, I conclude that the courts’ holdings in these cases do not support a denial of coverage if: a) there is a good faith effort by the insured to obtain payment from the health insurance carrier; or b) the health of whether application for the benefits has made. Because the record before me is ambiguas to these factual issues, the Motion for Summary Judgment must be DENIED.